## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADALINET MARTINEZ FALCON<br><br>　　　　　Plaintiff<br><br>vs.<br><br>BAHIA BEACH RESORT, LLC ; JOANNE BAUZA ; ALBERTO RIOS ; XYZ INSURANCE CORPORATION<br><br>　　　　　Defendants | CIVIL CASE NO.: 3:21-cv-01449<br><br>Title VII of the Civil Rights Act of 1964; Puerto Rico Law No. 17 of April 22, 1988; Puerto Rico Law No. 69 of July 6, 1985; Puerto Rico Law No. 80 of May 30, 1976; Puerto Rico Law No. 100 of June 30, 1959; Purto Rico Law No. 115 of December 20, 1991; Article 1536 of the Puerto Rico Civil Code; Sexual Harassment; Discrimination Based on Sex; Discrimination Based on Gender; Retaliation; Wrongful Termination; Damages<br>Pendent Jurisdiction<br>Jury Trial Requested |

## **COMPLAINT**

COMES NOW, the Plaintiff, ADALINET MARTINEZ FALCON, through the undersigned attorney, and respectfully, SETS FORTH and PRAYS:

## I. **NATURE OF THE ACTION**

1. Plaintiff initiates the instant action to redress violations of 42 USC §2000(e) et seq and applicable state law committed by Defendants Bahía Beach Resort, LLC.; Mrs. Joanne Bauzá and Mr. Alberto Ríos.   Defendants illegally subjected Plaintiff to a severe hostile environment and sexual harassment.  To conceal their actions Bauzá and Ríos subjected Plaintiff to a systematic retaliation process.  Plaintiff was a victim of sexual harassment and retaliation in her employment and is consequently entitled to seek remedies in virtue of Tittle VII of the Civil Rights Acts of 1964 (42 USC §§ 2000(e) et seq and supplemental state claims for sexual harassment (hostile work environment), sex discrimination and retaliation

1

pursuant to Act. No. 17 of April 22, 1989, as amended, *PR Laws Ann. Tit. 29 §155 et seq*; Act No. 69 of July 6, 1985, as amended, PR Laws Ann. Tit. 29 §1321 et seq; Act No. 100 of May 30, 1959, as amended, PR Laws Ann. Tit 29 §146 et seq; Act No. 115 of December 20, 1992, as amended, PR Laws Ann. Tit. 29 §194(a) et seq and Act No. 80 of May 30, 1976, as amended, PR Laws Ann. Tit. 29 §185 et seq.  Plaintiff is also entitled to remedies for Defendants' failure to comply with their obligations under the law and for their actions to impose arbitrary disciplinary measures for the sole reason of Plaintiff's complaints and rejection of the hostile environment.

## II. <u>JURISDICTION AND VENUE</u>

2. Jurisdiction of this Honorable Court is invoked pursuant to the Title VII of the Civil Rights Act of 1964, for the unlawful employment actions committed by Defendants. Jurisdiction is further invoked pursuant to 28 U.S.C. §1331. This is an action for sexual harassment, sex discrimination, retaliation, and damages. This Honorable Court has federal question jurisdiction pursuant to 28 U.S.C. §1343, as this action arises under the provisions of 42 U.S.C. sec. 2000(e) et seq. This Honorable Court also has supplemental jurisdiction pursuant to 28 U.S.C. 1367 over the state law claims under sections 146 et seq., sections 155 et seq., sections 185 et seq., section 194a, and sections 1321 et seq., of Title 29 of PR Laws Ann. , and Article 1536 of the Puerto Rico Civil Code, for the claims stated hereinunder in that such claims are directly intertwined with the sexual harassment, discrimination and retaliation causes of actions claimed as the original subject matter jurisdiction of this Honorable Court.

3. The Supplemental claims against Defendants are related to the sexual harassment, discrimination and retaliation claims as to which this Court has original jurisdiction because those claims are based on the same discriminatory and retaliatory acts against Plaintiff, which

resulted in Plaintiff's constructive discharge.

4. Pursuant to 28 USC §1391 (c)(2), venue is appropriate in this jurisdiction, as Defendants Joanne Bauzá and Alberto Ríos reside and/or are residents of Puerto Rico, Defendant Bahia Beach Resort, LLC is located and operates in Puerto Rico, and the events and/or omissions giving rise to the claim occurred in this judicial district.

### III. JURISDICITIONAL PREREQUISITES

6. On April 16, 2021, Plaintiff filed a Charge of Discrimination against Defendants before the Equal Employment Opportunity Commission, based on the same discriminatory and retaliatory acts subject of this complaint. [Exhibit 1]

7. On July 1, 2021, the EEOC issued Notice of Right to Sue with regards to the referenced charge. [Exhibit 2]

8. The Notice indicates: *"You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed within 90 days of your receipt of this notice, ..."*

9. Plaintiff received EEOC's Notice of Right to Sue on July 1, 2021, thus administrative procedures have been exhausted and jurisdictional requirements have been met. [Exhibit 2]

10. Plaintiff is filing this Complaint after receipt of the Notice of Right to Sue, within the 90 days provided to do so.

11. To the extent that any allegations may not have occurred within 300 days of the date the charge was filed, the violations of the above identified statutes were and are continuous and ongoing, and at least one continuous and ongoing act of harassment, discrimination and/or retaliation occurred within the 300-day charge filing period prior to the date the charge was filed with the EEOC.

3

## IV. <u>PARTIES</u>

12. Plaintiff, Adalinet Martínez Falcón (hereinafter "Martínez" or "Plaintiff", at all relevant times herein, was and presently is, a citizen of the United Stated of America and a resident of the Commonwealth of Puerto Rico.  At all relevant times, Plaintiff Adalinet Martínez Falcón, was employed by, and/or to provide services for Defendant.  Plaintiff's residential and postal address is Brisas del Mar, Calle 2, A24, Luquillo, PR 00773.

13. Bahía Beach Resort, LLC (hereinafter "Bahía¨ or ¨the Company¨) is a limited liability company organized under the laws of the Commonwealth of Puerto Rico on March 9, 2005. The company is engaged principally in the construction and operations of a golf course, a clubhouse, boat house, tennis center and the required infrastructure, all located in the resort community known as Bahía Beach Resort & Golf Club. As of March 2021, Bahía had more than 100 employees working at the facilities.

14. At all relevant times, Bahia Beach Resort, LLC was and is an employer in an industry affecting commerce which has fifteen (15) or more employees for twenty (20) weeks in the current or preceding year, complying with the requirements of Title VII of the Civil Rights Act of 1964 and of 29 USC §630(b).

15. Joanne Bauzá (hereinafter "Bauzá") was, at all relevant times, Supervisor of the Food and Beverage Department at Bahía Beach Resort.  At all relevant times, Bauzá was Plaintiff's supervisor.

16. Alberto Ríos (hereinafter "Ríos) was, at all relevant times, the Club General Manager at Bahia Beach Resort.  At all relevant times, Ríos was Plaintiff's supervisor.

17. Defendant XYZ Insurance Corporation is an unknown insurance company whose name, currently is unknown. At all relevant times of the facts alleged herein, XYZ Insurance

Corporation has been an insurance company duly organized pursuant to the laws of the United States and/or the Commonwealth of Puerto Rico, and as such is jointly and severally responsible for Defendants' harassment, discriminatory and retaliatory acts, or otherwise, employment practices, and for all acts, damages, and injuries suffered by Plaintiff.

## V. FACTUAL BACKGROUND

18. Plaintiff began working for Bahia Beach Resort, LLC. on April 28th, 2017, through a temporary employment agency. As a response to Plaintiff's outstanding performance, on November 26th, 2018, she was hired by Bahía as a Beverage Cart Attendant.

19. Plaintiff began working at Bahia Beach Resort, LLC, with great enthusiasm and expectations.

20. Plaintiff is a single mother, with a college degree in Psychology, who is solely responsible for her daughter and their household.

21. Plaintiff depends on her weekly income.

22. Plaintiff remained available throughout the pandemic period.

23. After being called back to work, Plaintiff kept working uninterruptedly, until the workplace environment and constant actions against her made it intolerable and impossible to continue.

24. The quality of Plaintiff's performance and the services that she provided earned her the recognition and respect of clients, partners, and visitors.

25. Plaintiff was subject to discriminatory, offensive, and improper requirements predicated exclusively on her gender.

26. In September 2019, Plaintiff requested a day off in November, to Miguel Centeno who was covering for Bauzá who was travelling, to attend an activity of her daughter. Once Bauzá returned, she changed the schedule and denied Plaintiff the requested day off.

27. Bauzá in multiple occasions called Plaintiff to her personal mobile phone, outside working hours to request work information, or make requests prior to the beginning of her shift.

28. On several occasions Plaintiff complained to the Human Resources department regarding Bauza's practice of calling her outside of her working hours and stated she felt harassed. No action was taken.

29. Human Resources did not act to Plaintiff's multiple complaints.

30. Plaintiff was told that Bauzá was like that and to anticipate what Bauzá would ask for or to not answer her calls.

31. Bauzá imparted instructions to Plaintiff in a sarcastic tone. Plaintiff complained to Alberto Ríos and Human Resources regarding this, but nothing happened, and Bauzá continued addressing Plaintiff in the same manner.

32. On January 11, 2020, Bauzá called Plaintiff to her personal mobile phone after her work shift and had Plaintiff return to the property just to store a paper roll and asked her to clock again.

33. On one occasion, Bauzá grabbed Plaintiff by the arm and imparted her an instruction in an intimidating manner. Plaintiff reported this incident to Human Resources. However, no action was taken, which led to a similar incident in June 2020, in the presence of clients.

34. On several occasions, Bauzá invaded Plaintiff's personal space, leaning close to her and spoke close to her ear.

35. On occasions, Bauzá took photos of the car that Plaintiff used, an action that she did not perform with any other of Plaintiff's coworkers.

36. Bauzá continuously asked to Plaintiff's coworkers about her.

37. In August 2020, Bauzá held a meeting with Plaintiff, and Alberto Ríos to give her an unjustified warning for wearing long stockings and white sneakers, even though Plaintiff had

been wearing those for two (2) years without being admonished. No disciplinary action was taken with a coworker that also wore them.

38. On this meeting, Plaintiff, once again complained regarding Bauzá and told Ríos that she felt harassed by her and was convinced that Bauzá was doing everything to fire her.

39. On November 30, 2020, during a private event held at the golf course, Plaintiff reported to work in her uniform. Plaintiff's supervisor Joanne Bauzá asked Plaintiff to change the uniform pants, in violation of the company's dress code, and to wear a short pant that Bauzá had brought from her home.

40. Plaintiff complained and expressed her discomfort regarding said request.

41. Plaintiff told Bauzá that said pants were too short and that Mr. Alberto Ríos, the Club General Manager, would not approve them. Bauzá told Plaintiff that Ríos was aware.

42. The pants that Plaintiff wore daily as part of the uniform run from her waist to her knees.

43. The shorts that Bauzá ordered Plaintiff to wear on that date were much lower at the waist and ended at Plaintiff's buttocks.

44. Bauzá reiterated her order and Plaintiff was forced to wear the extremely short pants to serve Defendant's clients.

45. Plaintiff was told that the sudden and improper change in her attire was ordered to portray her as "a model" for the individuals participating in the private activity, including a new member of the club, who had asked for "an escort girl".

46. Later that day, one of the individuals participating of the private activity told Plaintiff that she needed to have more "personality".

47. Plaintiff felt extremely offended, disrespected, and humiliated by the sexist expressions and acts to which she was subjected to by Defendants and as result of Defendants' conduct and

actions.

48. The humiliation and aggravation continued and at the 17th hole, in the presence of Mr. Ríos, Club Manager of Bahía Beach Resort, and Mr. Roberto Padua, Chief Executive Officer of Bahía Beach Resort, a guest asked Plaintiff to be either "shoeless" or "shirtless". Other guests also participated with comments. Mr. Ríos nor Mr. Padua condemned such act and conduct. On the contrary, they remained silent and with their actions or lack thereof condoned the harassment to which Plaintiff was subject to.

49. Plaintiff felt extremely offended, humiliated by the acts of harassment performed in presence of the Club Manager and the CEO of her employer, Bahia Beach Resort; acts that Plaintiff faced because of Bauzá's actions, requiring her to wear extremely short pants, to portray her as a "model" in response to a request for an "escort".

50. After the conclusion of the activity, Plaintiff complained with Ríos and told him how offended she was by the above-described events. She indicated to him, that she felt used for the benefit of the corporation and its officers, and that she was not that type of person.

51. During her employment with Bahia Beach Resort, Plaintiff experienced multiple additional acts of harassment and retaliation.

52. Bauzá told Plaintiff that she had begun exercising because she wanted to have buttocks like those of Plaintiff's. Bauzá asked Plaintiff how long she should train to look like her.

53. Bauzá even called Plaintiff's father [identified as family contact] outside working hours, to asked him where Plaintiff was and when would she arrive to work.

54. Plaintiff did not like or promote such actions.

55. Plaintiff limited her relationship with Bauzá to that of employee-supervisor and did not propitiate any other type of relation.

56. At all times during her employment with Bahia Beach Resort, Plaintiff complied with her job functions and work schedule, as well as with any additional time required by her employer.

57. Plaintiff was subject to other unjustified actions.

58. Plaintiff was told that she could only use the restrooms during her lunch break, and not during working hours, as all other employees were allowed to do.

59. Plaintiff has a hypoglycemic condition. She was not allowed to take the meal breaks during her work schedule, as needed due to her condition.

60. Plaintiff was denied enjoyment of the meal benefit provided to other employees of the Food & Beverage area.

61. Plaintiff complained to Human Resources and other officials regarding the above-described incidents and actions.

62. Bahia Beach Resort's management did not address the above-described incidents nor her multiple complaints. On the contrary, Plaintiff was told to calm down that, at some point, things should change.

63. After the multiple complaints that Plaintiff presented to supervisors and the Human Resources department, she was subjected to retaliation, including but not limited to unjustified warnings related to her work performance. She was given a disciplinary memorandum related to the color of her shoes, even when she, as well as other employees, had used white sneakers in the past without any indication to the contrary.

64. Since Plaintiff works outdoors, she will briefly lower or remove her face cover [surgical masks], when she was not in proximity of other persons [at least more than six feet apart], and she would be photographed to give her an unjustified disciplinary memorandum.

65. Plaintiff was accused regarding a radio (walkie talkie) that was missing. Plaintiff stated that

she was not responsible for its disappearance. The radio was eventually found.

66. Plaintiff kept denouncing these actions and behavior against her, but nothing was done.

67. Defendants administered unjustified written reprimands to Plaintiff as result of the complaints she made to supervisors and the Human Resources department.

68. The actions continued until Plaintiff had no other alternative than to resign to her employment.

69. All these actions placed Plaintiff in an unhealthy state of mind leaving her with no other choice than to submit my resignation.

70. Plaintiff was forced to resign effective March 12, 2021, as result of the conduct exhibited by her supervisor Joanne Bauzá, Alberto Ríos, and endorsed by the administration and Bahía Beach Resort, LLC.

## VI. CAUSES OF ACTION

71. The above-described actions, as well as other additional incidents, and the work environment created by the acts and conduct hereby described, have caused Plaintiff damages, including but not limited to, unbearable anxiety, anguish and crying episodes.

72. Plaintiff seeks remedies for this and for the termination of her employment as result of these actions and conduct.

73. The actions described evidence the harassment, discrimination and retaliation to which Plaintiff was subject, in violation of the above referenced statutes.

74. Defendants' actions have caused financial and emotional damages to Plaintiff, such as humiliation, anguishes, mental distress, and loss of income.

75. Defendants did not exercise reasonable care to prevent and promptly correct sexually harassing behavior.

76. Defendants assigned Plaintiff to "aid" on a private event, and her supervisor asked her, with the approval of Defendants' Club Manager, to change her regular attire and to wear a pant that belongs to her supervisor [Bauzá], who is several sizes smaller than Plaintiff. Defendants assigned Plaintiff to provide services to a male participant of the private event who had asked for an escort. Defendants wanted to portrait Plaintiff as a model to said participant. Defendants made these requirements and assignments to Plaintiff because of her sex or gender. These egregious acts, even if considered separately from any other act, suffice to evince a hostile work environment.

77. Defendants' actions elicited the inappropriate, sexist, and offensive behavior of the referenced male participant, who asked Plaintiff to either get "shoeless" or "shirtless", in the presence of Rios and Defendants' CEO, who with their silence, condoned such conduct. Plaintiff was and felt humiliated and used by Defendants for their benefit. She was portrayed as an object, by her supervisor, with the approval, knowledge and participation of the Club Manager and the CEO, in front of her coworkers and of Defendants' clients and visitors.

78. Plaintiff was not able to take advantage of any preventive or corrective opportunity, since Defendants discouraged Plaintiff from complaining, her complaints were not addressed by Defendants, or she was subject to retaliation after complaining.

79. Plaintiff complained and no action was taken by Defendant.

### SEXUAL HARASSMENT, DISCRIMINATION BASED ON SEX AND/OR GENDER, RETALIATION AND DAMAGES, IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

80. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-80 and reiterates them as if fully set forth herein.

81. Plaintiff is a member of a protected class.

82. Plaintiff's gender was the cause for the sexist, unreasonable and improper request regarding her working attire.

83. Defendants' actions and conduct created and/or fomented a hostile work environment.

84. Defendants' actions and conduct propitiated sexual harassment conduct against Plaintiff.

85. The actions of Bahia Beach Resort's supervisors, Club Manager and CEO provoked and/or condoned a hostile work environment, sexual harassment conduct and other hostile actions against Plaintiff.

86. Plaintiff was subject to sexual harassment.

87. Plaintiff was subject to a hostile work environment based on her sex and/or gender in violation of Title VII of the Civil Rights Act of 1964.

88. Plaintiff was subjected to hostile work environment and requirements based on her gender.

89. The actions against Plaintiff were so severe and/or pervasive that it altered the conditions of her employment and created an abusive work environment.

90. Defendants' conduct was objectively and subjectively offensive.

91. Defendants' conduct made Plaintiff's work environment intolerable.

92. Plaintiff's working conditions were so difficult and/or unpleasant that a reasonable person in her shoes would have felt compelled to resign.

93. The working conditions imposed by Defendants became so onerous, abusive, or unpleasant that a reasonable person in Plaintiff's position would have felt compelled to resign.

94. Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against any individual because of such individual's sex and/or gender.

95. Title VII of the Civil Rights Act of 1964 makes it unlawful for employers to create a discriminatory hostile or abusive environment.

96. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to retaliate against a person who complains about discriminatory employment practices.

97. Prior to the internal complaints made by Plaintiff, Defendants acknowledged her accomplishments and performance.

98. However, after Plaintiff reported and complained to Human Resources the conduct and actions to which she was subjected, Defendants commenced to administer unjustified disciplinary actions to Plaintiff.

99. Plaintiff was subject to retaliation in violation of Title VII of the Civil Rights Act of 1964.

100.    As a direct and proximate result of Defendants' actions and conduct, Plaintiff lost her employment, suffered damages that include, but is not limited to loss of wages and fringe benefits, mental anguishes, and emotional damages.

101.    As a direct and proximate result of Defendants' actions and conduct, Plaintiff had to incur in expenses related to bringing this lawsuit, including costs, such as those related to retaining an expert witness and attorney's fees.

102.    Plaintiff is entitled to back pay, compensatory and punitive damages, equitable relief, costs, and attorney's fees.

**SEXUAL HARASSMENT, DISCRIMINATION BASED ON SEX AND/OR GENDER, RETALIATION AND DAMAGES, IN VIOLATION OF PUERTO RICO LAW NO. 17 OF APRIL 22, 1988; PUERTO RICO LAW NO. 69 OF JULY 6, 1985; PUERTO RICO LAW NO. 100 OF JUNE 30, 1959 AND ARTICLE 1536 OF THE PUERTO RICO CIVIL CODE OF 2020**

103.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-103 and reiterate them as if fully set forth herein.

104.    Plaintiff request this Honorable Court to, under 28 U.S.C. § 1367, to exercise supplemental jurisdiction over Plaintiff's state-law claims brought pursuant to Puerto Rico

Law No. 17 of April 22, 1988, Puerto Rico Law No. 69 of July 6, 1985, and Puerto Rico Law No. 100 of June 30, 1959, and Purto Rico Law No. 115 of December 20, 1991.

105.    Plaintiff is entitled to back pay, damages, a sum equal to twice the number of damages sustained by Plaintiff on account of Defendants' actions, costs, and attorney's fees.

106.    Law No. 17 of April 22, 1988, prohibits sexual harassment and discrimination in the workplace by reason of sex or gender.

107.    Puerto Rico Law No. 69 of July 6, 1985, and Puerto Rico Law No. 100 of June 30, 1959 prohibit employers from discriminating against any individual by reason of sex or gender.

108.    Plaintiff was subject to retaliation in violation of Puerto Rico Law No. 17 of April 22, 1988, Puerto Rico Law No. 69 of July 6, 1985 and Puerto Rico Law No. 100 of June 30, 1959.

## RETALIATION AND DAMAGES, IN VIOLATION OF
## PUERTO RICO LAW NO. 115 OF DECEMBER 20, 1991

109.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-103 and reiterate them as if fully set forth herein.

110.    Plaintiff request this Honorable Court to, under 28 U.S.C. § 1367, to exercise supplemental jurisdiction over Plaintiff's state-law claim brought pursuant to Purto Rico Law No. 115 of December 20, 1991.

111.    Plaintiff is entitled to back pay, damages, a sum equal to twice the number of damages sustained by Plaintiff on account of Defendants' actions, costs, and attorney's fees.

112.    Puerto Rico Act No. 115 of Dec. 20, 1990, prohibits employers from retaliating against an employee by reason of said employee's participation in an activity protected by the statute.

113.    Plaintiff was subject to retaliation in violation of Puerto Rico Act No. 115 of Dec. 20, 1990.

## WRONGFUL TERMINATION / CONSTRUCTIVE DISCHARGE
## UNDER PUERTO RICO ACT NO. 80 OF MAY 30, 1976

114. Plaintiff, repeats and re-alleges every allegation contained in paragraphs 1-103 and reiterate them as if fully set forth herein.

115. Puerto Rico Law No. 80 of May 30, 1976 prohibits dismissal of employees without just cause.

116. Defendants' actions and conduct caused Plaintiff's resignation to her employment.

117. Defendants' actions and conduct were directed to induce or compel Plaintiff to resign.

118. Defendants submitted Plaintiff to humiliation.

119. Defendants' actions and conduct provoked, promoted, elicited, and condoned improper, offensive, and disrespectful conduct and actions that constitute sexual harassment and/or that created a hostile work environment.

120. Defendants' actions and conduct created an intimidating, hostile and offensive work environment.

121. Plaintiff complained and reported to supervisors and to the Human Resources department.

122. Defendants continued with their actions against Plaintiff.

123. Defendants did not correct or remedy Plaintiff's situation at the workplace.

124. Defendants did not end or remediate intimidating, hostile, and offensive work environment.

125. Plaintiff's complaints were responded with a request to calm down and wait.

126. Plaintiff had no other available alternative but to resign.

127. As result of Defendants' actions and conduct the only reasonable alternative Plaintiff had left was to give up her job.

128. As result of Defendants' omissions and failure to act in response to Plaintiff's complaints, the only reasonable alternative she had left was to give up her job.

129. Defendants' actions and conduct were in strict violation to Puerto Rico Law No. 80 of May 30, 1976.

130. Plaintiff is entitled to a severance payment as provided by Puerto Rico Law No. 80 of May 30, 1976.

131. Plaintiff reserves the right to amend the allegations of the complaint pursuant to law, and/or as result of the case proceedings, including discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgement:

a. Directing the Defendant to take such affirmative action necessary to ensure that the effects of these unlawful employment practices are eliminated.

b. Declaring that the acts and practices complained of herein, are in violation of Title VII of the Civil Rights Act of 1964, Puerto Rico Law No. 17 of April 22, 1988, Puerto Rico Law No. 69 of July 6, 1985, Puerto Rico Law No. 100 of June 30, 1959, and Puerto Rico Law No. 115 of December 20, 1991.

c. Declaring Defendant to pay Plaintiff, compensatory and punitive damages in the following manner:

1. Payment in the amount corresponding to the severance pay provided by Puerto Rico Law No. 80 of May 30, 1976, as grandfathered by Law No. 4 of January 26, 2017.

2. Back pay.

3. Damages to Plaintiff in the amount of $500,000.00.

4. Punitive damages pursuant to law.

5. Double damages pursuant to State Law.

6. All payback, and pre-judgement interest, in the form of lost wages and fringe benefits, from time of Plaintiff's employment termination through the date of trial less any legally appropriate setoffs, pursuant to 29 USC §626(b).

7. Front pay.

8. Attorney's fees.

9. An order awarding Plaintiff all expert witness fees and costs.

10. An order awarding Plaintiff whatever further and other relief this court deems appropriate and just.

## JURY TRIAL REQUESTED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action on all questions of fact raised by the Complaint.

Respectfully, submitted in Guaynabo, Puerto Rico, this 17th day of September 2021.

**PIZARRO GARCÍA LAW OFICCES, LLC.**
P.O. Box 360959
San Juan, P.R. 00936-0959
Tel. (787) 305-5227

*s/ Ricardo Pizarro*
**RICARDO PIZARRO, ESQ.**
USDC-PR No.: 215603
rp@pizarrogarcialaw.com

17