## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**ADALINET MARTINEZ-FALCÓN,**
    Plaintiff,

    v.                                                          Civil No. 21-1449 (BJM)

**BAHÍA BEACH RESORT, LLC** *et al.*,
    Defendants.

### OPINION AND ORDER

Plaintiff Adalinet Martinez-Falcón ("Martinez-Falcón") sued Defendants Bahía Beach Resort LLC ("Bahía"), Joanne Bauzá ("Bauzá"), and Alberto Ríos ("Ríos") (collectively "Defendants") for sex discrimination, sexual harassment, retaliation, and a constructive discharge while working for Bahía under the supervision of Bauzá and Ríos. Docket No. ("Dkt.") 1. Martinez-Falcón sought relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e *et seq.*; Puerto Rico Law 17 ("Law 17"), 29 L.P.R.A. § 155 *et seq.*; Puerto Rico Law 69 ("Law 69"), 29 L.P.R.A. § 1321; Puerto Rico Law 80 ("Law 80"), 29 L.P.R.A. § 185a *et. seq.*; Puerto Rico Law 100 ("Law 100"), 29 L.P.R.A. § 146; Puerto Rico Law 115 ("Law 115"), 29 L.P.R.A. § 194a(a); and Article 1536, formerly Article 1802, of Puerto Rico's Civil Code ("Article 1536"), 31 L.P.R.A. § 10801. *Id.* This court has federal question jurisdiction as well as supplemental jurisdiction over the related state law claims. Defendants filed a joint motion for partial dismissal under Fed. R. Civ. P. 12(c), Dkt. 39, Martinez-Falcón opposed, Dkt. 40, and Defendants replied. Dkt. 43. This case is before me on consent of the parties. Dkts 29, 30.

For the reasons set forth below, Defendants' partial motion to dismiss is **GRANTED IN PART**.

### BACKGROUND

The following facts are drawn from the complaint. Dkt. 1. Defendants acknowledge Martinez-Falcón worked for Bahía and was supervised by Bauzá and Ríos, but they deny her

*Martinez-Falcón v. Bahía Beach Resort, LLC et al.*, Civil No. 21-1449 (BJM)                    2

remaining allegations and assert that any discipline was imposed for legitimate, nondiscriminatory reasons. Dkts. 24, 26, 27.

In April 2017, Martinez-Falcón began working at Bahía through a temporary employment agency. Dkt. 1 ¶ 18. Bahía subsequently hired her as a Beverage Cart Attendant in November 2018. *Id.* ¶ 19. During Martinez-Falcón's employment, one of her supervisors, Bauzá, denied her a previously approved vacation day, repeatedly called her outside of work hours, grabbed her by the arm and gave instructions in an intimidating manner, leaned into her face to speak closely into her ear, took pictures of her car without her permission, and, along with Ríos, warned her against wearing long stockings and white sneakers that were identical to those of another coworker who was not warned. *Id.* ¶¶ 26–37. Bauzá also told Martinez-Falcón that Bauzá had begun exercising because she wanted to have buttocks like Martinez-Falcón's and asked how long she had to train to accomplish this. *Id.* ¶ 52. One day, Bauzá ordered Martinez-Falcón to change out of the long pants she usually wore to work, put on short shorts Bauzá had brought from home, and act as a model for patrons who had requested an "escort girl." *Id.* ¶¶ 39–45. Bauzá stated that Ríos was aware of this request. *Id.* Later that day, a patron asked Martinez-Falcón to be either shoeless or shirtless as Ríos and Bahía's CEO, Roberto Padua, watched in silence. *Id.* ¶ 48. Bahía also barred Martinez-Falcón from using the restrooms during work hours, as other employees did, and from enjoying a complimentary meal that other employees were allowed. *Id.* ¶¶ 58–60. After Martinez-Falcón complained multiple times about her working conditions, Bahía issued her disciplinary memorandum for wearing white sneakers like those worn by other employees who were not disciplined. *Id.* ¶ 63. Further, Bahía reprimanded her for not wearing a facemask while standing outside far away from other people, which was allowed, and accused her of stealing a walkie-talkie which was ultimately found. *Id.* ¶¶ 64–65.

*Martinez-Falcón v. Bahía Beach Resort, LLC et al.*, Civil No. 21-1449 (BJM)                    3

## APPLICABLE LEGAL STANDARDS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings under Rule 12(c) may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim that would entitle her to relief. *Feliciano v. State of R.I.*, 160 F.3d 780, 788 (1st Cir. 1998). The court decides a Rule 12(c) motion under the same standard it applies to Rule 12(b)(6) motions to dismiss. *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 5 (1st Cir. 2007). Accordingly, to survive a Rule 12(c) motion, the plaintiff must plead enough facts to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In evaluating the complaint, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. *Parker v. Hurley*, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678–79. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." *Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

First, Defendants move to dismiss Martinez-Falcón's Title VII, Law 17, Law 69, Law 80, and Law 115 claims against codefendants Bauzá and Ríos arguing that those statutes exclude

company officials, supervisors, and employees from liability in their personal capacity. Dkt. 39 at 2. Second, they move to dismiss Martinez-Falcón's Article 1536 claim against all Defendants arguing that statute is general in nature and thus inapplicable when Law 80, Law 100, and other anti-discrimination laws apply. *Id.* Defendants contend Martinez-Falcón's allegations occurred entirely within her employment and thus Puerto Rico's employment discrimination laws foreclose relief under Article 1536. *Id.* I address both arguments below.

### A. Martinez-Falcón's Claims Against Bauzá and Ríos

Defendants argue Bauzá and Ríos are not personally liable under Title VII, Law 80, or Law 115 because these statutes do not provide for individual liability. Dkt. 39 at 6. Similarly, they argue the anti-retaliation provisions of Law 17 and Law 69 do not hold supervisors individually liable. *Id.* Thus, they argue, claims against Bauzá and Ríos under these statutes must be dismissed with prejudice. *Id.* Martinez-Falcón opposes Defendants' motion stating she understands Bahía alone will be held responsible for paying any damages she receives under these provisions. Dkt. 40 ¶ 2. Defendants reply arguing the claims against Bauzá and Ríos must be dismissed with prejudice because Martinez-Falcón effectively conceded they cannot be held liable. Dkt. 43 ¶ 2.

### Title VII

"[T]here is no individual employee liability under Title VII." *Fantini v. Salem State Coll.*, 557 F.3d 22, 31 (1st Cir. 2009) (affirming district court's dismissal of claims against individual employee defendants). Thus, Defendants' motion to dismiss Martinez-Falcón's Title VII claim against Bauzá and Ríos is **GRANTED** and her claims are **DISMISSED** with prejudice.

### Law 80

Law 80 provides for employer liability, but contains no explicit definition of "employer." The only remedies available under Law 80 are three months of an employee's salary as indemnity

and an additional indemnity equal to two weeks of salary for each year of employment. 29 L.P.R.A. § 185a. Courts have previously found supervisors were not employers under Law 80 "because the remedy is based on wages, and because it does not make sense that a supervisor should pay wages to an employee." *Flamand v. Am. Int'l Grp., Inc.*, 876 F. Supp. 356, 365 (D.P.R. 1994); *see also Mercado-Aponte v. Med Health Hospice, Corp.*, 203 F. Supp. 3d 240, 243 (D.P.R. 2016) (holding supervisor not liable under Law 80 and dismissing claims). Thus, Defendants' motion to dismiss Martinez-Falcón's Law 80 claim against Bauzá and Ríos is **GRANTED** and her claims are **DISMISSED** with prejudice.

### Law 115

Citing *Santiago Nieves v. Braulio Agosto Motors*, 197 P.R.D. 369 (2017), Defendants argue Law 115 does not provide for individual liability of supervisors. Dkt. 39 at 8. In that case, "the Puerto Rico Supreme Court clarified that Law No. 115-1991, the Commonwealth's anti-discrimination statute, does not provide a [sic] for individual liability . . . ." *Perez-Molina v. Puerto Rico Elec. Power Auth.* 2018 WL 1010286 at *1 n.1 (D.P.R. Feb. 20, 2018) (citing *Santiago Nieves*, 197 D.P.R. at 372); *see also Galarza-Cruz v. Grupo HIMA San Pablo, Inc.*, 2018 WL 324863 at *3 (D.P.R. Jan. 8, 2018) ("[T]he Puerto Rico Supreme Court recently held that individual liability is not available under [Law 115]") (citing *Santiago Nieves*, 197 D.P.R. 369 at *6). Thus, Defendants' motion to dismiss Martinez-Falcón's Law 115 claims against Bauzá and Ríos is **GRANTED** and her claims are **DISMISSED** with prejudice.

### Law 17 and Law 69

Next, Defendants assert Martinez-Falcón's Law 17 and Law 69 claims against Bauzá and Ríos claims must be dismissed because supervisors cannot be held individually liable for retaliation under those statutes. Dkt. 39 at 8. Defendants are correct that "individual liability is not

available for retaliation actions under Law 17 and Law 69." *Gonzalez-Santiago v. Baxter Healthcare S.A.*, 2021 WL 1208207 at *37 (D.P.R. Mar. 29, 2021) (citing *Caballer v. Nidea Corporation,* 200 D.P.R. 120 (2018)). However, Martinez-Falcón alleges sexual harassment, sex discrimination, and retaliation in violation of Law 17 and 69. Dkt. 1 at 13. "[A] company agent, official, administrator or supervisor incurs personal civil liability under Acts Nos. 17, 69, and 100, in addition to the real employer, for the sexual harassment acts committed by him or her against a worker or employee of said employer." *Rosario Toledo v. Distribuidora Kikuet, Inc.*, 151 P.R.D. 634 (2000). This is because a sexual harasser acts as an individual while "acts of retaliation always constitute actions committed by the employer as employer" *Gonzalez-Santiago*, 2021 WL 1208207 at *37 (quoting *Caballer v. Nidea Corporation,* 200 D.P.R. 120 (2018).

Here, during Martinez-Falcón's employment, Bauzá denied her a vacation day previously approved by another supervisor, repeatedly called her outside of work hours, grabbed her by the arm and gave instructions in an intimidating manner, leaned into her face to speak closely into her ear, took pictures of her car without her permission, and, along with Ríos, warned her against wearing long stockings and white sneakers that were identical to those of another coworker. Dkt. 1 ¶¶ 26–37. Bauzá also told Martinez-Falcón that Bauzá had begun exercising because she wanted to have buttocks like Martinez-Falcón's, and asked how long she had to train to accomplish this. *Id.* ¶ 52. Further, Bauzá ordered Martinez-Falcón to change out of the long pants she usually wore to work, put on short shorts Bauzá had brought from home, and act as a model for patrons who had requested an "escort girl." *Id.* ¶¶ 39–45. Bauzá stated that Ríos was aware of this request. *Id.* Later that day, a patron asked Martinez-Falcón to be either shoeless or shirtless as Ríos and Bahía's CEO, Roberto Padua, watched in silence. *Id.* ¶ 48. Bahía also barred Martinez-Falcón from using the restrooms during work hours, as other employees did, and from enjoying a complimentary

meal that other employees were allowed. *Id.* ¶¶ 58–60. After Martinez-Falcón complained about her working conditions, Bahía issued her a disciplinary memorandum for wearing white sneakers like those worn by other employees without incident. *Id.* ¶ 63. Further, Bahía reprimanded her for not wearing a facemask while standing outside far away from other people, which was allowed, and accused her of stealing a walkie-talkie that was ultimately found. *Id.* ¶¶ 64–65. Thus, though Martinez-Falcón alleges retaliation, she has also undoubtedly alleged sex discrimination and sexual harassment by Bauzá and Ríos for which each could be held individually liable under Law 17 and Law 69.

For the above reasons, Defendants' motion to dismiss Martinez-Falcón's Law 17 and 69 claims against Bauzá and Ríos is **DENIED**.

### B. Martinez-Falcón's Article 1536 Claim

Defendants argue Martinez-Falcón's Article 1536 claim is duplicative of her Title VII, Law 17, Law 69, Law 80, Law 100, and Law 115 claims. Dkt. 40 at 9. Thus, they assert this claim must be dismissed because Article 1536 does not apply to tortious conduct already penalized by more specific employment laws. *Id.* at 9–10. Martinez-Falcón contends she will ascertain additional facts that support or warrant an independent Article 1536 claim through discovery, and that dismissing her claim at this stage would be improper under the Rule 12(b)(6) analysis. Dkt. 40 ¶¶ 9–10. Defendants respond that such an assertion is speculative and warrants dismissal. Dkt. 43 ¶¶ 4–5.

Before Puerto Rico enacted the Civil Code of 2020, Article 1802 of the Civil Code contained its general tort statute. Article 1802 stated, "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a

reduction of the indemnity." 31 L.P.R.A. § 5141 (amended by 31 L.P.R.A. § 10801 ("The person who by fault or negligence causes damage to another, is obliged to repair it.")). Prior case law refers to Article 1802, now Article 1536, when discussing the duplicity of tort claims under the Civil Code and employment laws because it predates the adoption of the amended Civil Code of 2020.

"[T]o the extent that a specific labor law covers the conduct for which a plaintiff seeks damages, he is barred from using that same conduct to also bring a claim under Article 1802." *Reyes–Ortíz v. McConnell Valdés*, 714 F. Supp. 2d 234, 239 (D.P.R. 2010) *amended sub nom Ortíz v. Valdés*, 714 F. Supp. 2d 230 (D.P.R. 2010) (citation omitted). Here, Martinez-Falcón alleges damages resulting from Defendants' alleged sexual harassment, discrimination, retaliatory conduct, and constructive discharge. This conduct is covered by specific Puerto Rico employment law; therefore, she is barred from alleging the same conduct to also bring a claim under Article 1536. *See McConnell Valdés*, 714 F. Supp. 2d at 239 (noting the Supreme Court of Puerto Rico held that "[a]s a general rule, in the face of conduct by an employer that has been typified and penalized by special labor legislation, the employee only has recourse to the relief of said Act, and is barred from seeking additional compensation under Article 1802 . . ."). Martinez-Falcón may only bring an additional Article 1536 claim based on tortious or negligent conduct distinct from the conduct covered by a specific employment law. *See Id.* The legal framework under Article 1536 "is that the provisions of the Civil Code are supplementary to special legislation." *Rivera–Meléndez v. Pfizer Pharm. Inc.*, 747 F. Supp. 2d 336, 339 (D.P.R. 2010); *see Barreto v. ITT World Directories, Inc.*, 62 F. Supp. 2d 387, 393 (D.P.R. 1999) (citing *Rosario v. Atlantic Southern Ins. Co.*, 95 P.R. Offic. Trans. 742, 747 (1968)).

*Martinez-Falcón v. Bahía Beach Resort, LLC et al.*, Civil No. 21-1449 (BJM)                    9

Martinez-Falcón's Article 1536 claim is based on the same facts that support her sexual harassment, discrimination, retaliation, and constructive discharge claims. She alleges no independent tortious conduct. She contends she will ascertain additional facts that support or warrant her Article 1536 claim through discovery and that dismissing her claim at this stage would be improper under the Rule 12(b)(6) analysis. Dkt. 40 ¶¶ 9–10. Under the analysis, she must plead enough facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stating she will uncover these facts later, without providing a basis for that belief, is mere speculation. Based on the pleaded facts, Puerto Rico's special employment statutes supersede her tort claim.

Thus, Defendants' motion to dismiss Martinez-Falcón's Article 1536 claims against all of them is **GRANTED** and her claims are **DISMISSED** with prejudice.

## CONCLUSION

For the reasons discussed above, Defendants' partial motion to dismiss is **GRANTED IN PART**. Defendants' motion to dismiss Martinez-Falcón's Title VII, Law 80, and Law 115 claims against Bauzá and Ríos is granted, and these claims are dismissed with prejudice. Defendants' motion to dismiss Martinez-Falcón's Article 1536 claim against all defendants is granted, and this claim is dismissed with prejudice. Defendants' motion to dismiss Martinez-Falcón's claims against Bauzá and Ríos under Law 17 and Law 69 is denied.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of November 2022.

S/ *Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge